IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3310-BO

SCOTT DEVON HEMPHILL, )
)
    Plaintiff, )
)
v. ) **ORDER**
)
OFFICER GARDNER, et al., )
)
    Defendants. )

On August 15, 2022, Scott Devon Hemphill ("Hemphill" or "plaintiff"), proceeding pro se, filed a complaint under 42 U.S.C. § 1983 [D.E. 1]. On December 21, 2022, the court conducted an initial review of the complaint and allowed the action to proceed against defendant Gardner [D.E. 32]. On April 17, 2023, defendant Gardner answered the complaint [D.E. 41]. On April 18, 2023, the court entered a scheduling order providing for a period of discovery and a dispositive motions deadline [D.E. 42]. On May 10, 2023, the court denied plaintiff's motion for appointment of counsel, granted plaintiff's motion to amend, and allowed plaintiff to proceed against defendants Applewhite, Harvey, Leszczak, Rowe, and Karman [D.E. 46]. On September 5, 2023, defendants Applewhite, Harvey, Leszczak, Rowe, and Karman answered the complaint [D.E. 66]. The matter is now before the court on plaintiff's motions to compel discovery [D.E. 54, 55], for reconsideration of the court's order denying plaintiff's motion for appointment of counsel [D.E. 61], and to stay discovery until the court rules on plaintiff's other pending discovery motions [D.E. 62].

The court begins with plaintiff's motions to compel discovery. Plaintiff states that he received discovery responses from defendant Gardner on July 13, 2023, but has not received any discovery responses from defendants Applewhite, Harvey, Leszczak, Rowe, and Karman. See [D.E.

55] 1–3; [D.E. 55-1] 8–22. Defendants Applewhite, Harvey, Leszczak, Rowe, and Karman were not parties to the action at the time the original scheduling order was entered and did not answer the complaint until September 5, 2023. See [D.E. 42, 46, 66]. Thus, the court grants in part plaintiff's motions to compel discovery and refers the action to Magistrate Judge Jones for entry of a revised scheduling order to include a brief period for discovery.

To the extent plaintiff disputes any discovery responses received from defendant Gardner, plaintiff's motions fail to comply with Local Civil Rule 7.1(c)(2), which provides:

> No discovery motion will be considered by the court unless the motion sets forth or has attached thereto, by item, the specific question, interrogatory, etc., with respect to which the motion is filed, and any objection made along with the grounds supporting or in opposition to the objection. Counsel must also certify that there has been a good faith effort to resolve discovery disputes prior to the filing of any discovery motions.

See also Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). "When a party fails to comply with Local Civil Rule 7.1, a court may deny its motion." Higgins v. Spence & Spence, PA., No. 5:07-CV-33-D(1), 2009 WL 536069, at *2 (E.D.N.C. Mar. 3, 2009) (unpublished) (collecting cases); see Laschkewitsch v. Legal & Gen. Am., Inc., No. 5:15-CV-251-D, 2017 WL 1012996, at *2 (E.D.N.C. Mar. 14, 2017) (unpublished); Jones v. Broadwell, No. 5:10-CT-3223-FL, 2013 WL 1909985, at *1 (E.D.N.C. May 8, 2013) (unpublished). Thus, the court denies the motions.

As for plaintiff's motion for reconsideration, the court has considered the motion under the governing standard. See Fed. R. Civ. P. 54(b); Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003). Plaintiff has not presented any arguments warranting reconsideration. Thus, the court denies the motion.

In sum, the court GRANTS IN PART plaintiff's motions to compel discovery [D.E. 54, 55], DENIES plaintiff's motion for reconsideration [D.E. 61], and DENIES AS MOOT plaintiff's motion to stay discovery [D.E. 62]. The court REFERS the action to Magistrate Judge Jones for entry of a revised scheduling order to include a brief period for discovery.

SO ORDERED. This 13 day of October, 2023.

TERRENCE W. BOYLE
United States District Judge